

NUMBER 13-10-00199-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROBERTO CARLOS OLVERA,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant, Roberto Carlos Olvera, was charged by indictment with knowing and unlawful possession of cocaine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon 2003). The offense was a first-degree felony because the amount of cocaine was four grams or more, but less than two hundred grams. *Id.*

§ 481.112(d). Appellant pleaded guilty as charged. Following a bench trial on punishment, the trial court orally sentenced appellant to fifteen years of incarceration in the Texas Department of Criminal Justice, and ordered him to pay a $5,000 fine plus court costs. The trial court's written judgment of conviction shows the fine as $2,000. Appellant filed a timely notice of appeal, and as discussed below, his court-appointed counsel filed an *Anders* brief.

We reform the trial court's judgment of conviction to show the $5,000 fine, and as reformed, we affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority,

there are no reversible errors in the trial court's judgment.  Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[1]  *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and appellant has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  There is no reversible error in the record.

But, there is an error in the judgment.  As appellate counsel pointed out in his brief, there is a variance between the trial court's oral pronouncement of sentence and its written judgment.  In open court, the trial court imposed a $5,000 fine as part of

---

[1]  The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

appellant's sentence, but the judgment shows a $2,000 fine. When there is a variance between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *see*, *e.g.*, *Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming judgment to show $500 fine imposed but not stated in judgment); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist. 2001, no pet.) (reforming judgment to reflect longer sentence). Similar errors have been corrected in other *Anders* cases. *See*, *e.g.*, *Brasfield v. State*, No. 13-08-00699-CR, 2009 WL 2929275, at *2 (Tex. App.—Corpus Christi Aug. 25, 2009, no pet.) (mem. op., not designated for publication) (deleting a fine from the judgment).

Accordingly, we reform the judgment of conviction to delete the $2,000 fine and to show the correct $5,000 fine. As reformed, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We

4

grant counsel's motion to withdraw.   Within five days of the date of this Court's opinion,

counsel is ordered to send a copy of this Court's opinion and judgment to appellant and to

advise him of his right to file a petition for discretionary review.[2]   *See* TEX. R. APP. P. 48.4;

*see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673

(Tex. Crim. App. 2006).

 

_____
GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of February, 2011.

---

[2] No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3, 68.7.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.